This action was brought to recover damages of the defendant on account of an injury done to the wharf of the plaintiff by the vessel of the defendant having been run against it.
*269 The following statement comprises the case. Dr. Drayton was the owner of a schooner, the command of which was given to a black man. The schooner being destined for Bennett’s wharf, entered the creek with crowded sail; The tide being high and the wind favorable, the schooner was driven with impetuosity against the intervening wharf owned by Mr. Moore.
The testimony was every way conclusive to show that the injury done the wharf by this concussion of the schooner proceeded altogether from the gross negligence of the commander, whose duty it was to have lowered sail according to the established usage and custom by those who navigate the creek.
In the defence, the counsel (Mr. DeSaussure) admitted that the injury was occasioned by the negligence of the commander, but contended that the case was within the principle settled by the case of Wingis vs. Smith, 3 McCord, 400 The presiding Judge thought the case very clearly within the exceptions there pointed out, and overruled' a motion made for a nonsuit.
In all transactions by slaves, where special authority and trust are delegated by the master, to act according to their own judgment and discretion, bis Honor ruled that the master made himself responsible.
That this rule applied to all cases where a master carried on a trade by a slave; and that the reason of the rule appled with as much or greater force in reference to a trust committed by a master, such as was delegated in this case. The navigating of a vessel was a trade; and one, too, wherein skill and prudence were indispensable requisites on the part of him to whom the command of the vessel was intrusted.
It was in virtue of the authority delegated by the master that be was made responsible. As negroes have volition, had this slave taken possession of the vessel without authority from the master, no responsibility would have attached; but such ought not to be the rule where it was a fault in the master to repose confidence in one who abused it so shamefully as in this case.
He was of opinion that the evidence would have justified the jury in finding a larger verdict than the sum of thirty dollars, which was the lowest sum that would be required to *270 re-place the timbers forced from their position by the violent concussion of the vessel against the wharf.
Ford and DeSaussure, attorneys for appellants.
Hunt and Shand, contra.
The defendant renewed his motion for a nonsuit or a new trial on the following grounds, viz.:
1st. That the presiding Judge ought to have granted the motion for a nonsuit.
2d. That his Honor erred in charging the jury that a master was responsible for the negligence or the trespass of his negro.”
3d. That his Honor erred in charging that the defendant’s vessel and bis patroon were within the exceptions stated in Wingis vs. Smith, 3 McCord, 400, and must be considered as acting in á public; capacity, when in fact the vessel was engaged in defendant’s, her owner’s, private business.
4th. That the verdict was in other respects contrary to law and evidence.